UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br>VALENCIA COX,<br>Debtor. | CASE NO. 25-32857<br>CHAPTER 13 |
| VALENCIA COX,<br>Plaintiff,<br>vs.<br>NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING and<br>THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,<br>Defendants. | AP NO. 26-3035 |

**MEMORANDUM OPINION**

This matter comes before the Court on the Motion to Dismiss (Dkt.[1] No. 10) (the "Motion") filed by Defendants, NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez") and the Bank of New York Mellon Trust company, N.A., not in its individual capacity but solely as Certificate Trustee on behalf of NRZ Pass-Through Trust EBO I (the "Bank") (hereinafter collectively "Defendants"). In the Motion, Defendants seek dismissal of this adversary proceeding on the basis that Plaintiff's claims are arguments that were previously raised and rejected in a state court foreclosure action and subsequent appeals. The Defendants assert that (i) this Court lacks subject matter jurisdiction because of the *Rooker-Feldman* doctrine and (ii) the complaint fails to state a cause of action because it is either barred by res judicata/collateral estoppel or that the plaintiff is unable to state a claim. Pro se Plaintiff opposes the Motion (Dkt. No. 17) ("Response"). This Court

[1] Docket entries in this adversary proceeding are referred to as "Dkt. No. ___." Docket entries in the corollary main case at Case No. 25-32857 ("Main Case") are designated as "Main Case Dkt. No. ___."

has been asked to decide whether under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012(b), this adversary proceeding should be dismissed for failure to state a claim upon which relief can be granted. For the reasons stated herein, the Court is contemporaneously entering an order granting in part and denying in part Defendants' Motion to Dismiss. To frame the consideration of these matters, the Court will provide a brief recitation of the factual history between these parties. These facts are not in dispute.

## Factual Background

The Court takes judicial notice of the following state court proceedings and of the proceedings in the Main Case as permitted by Federal Rule of Evidence 201.

### A. State Court Foreclosure Proceedings and the Main Bankruptcy Case

Plaintiff executed a 30-year promissory note on September 25, 2019, in favor of Mortgage Research Center, LLC d/b/a Veterans United Home Loans in the amount of $444,352.00 (the "Note"). Using the funds from the loan, Plaintiff purchased real property at 156 Washington Commons Drive, Mount Washington, Kentucky. Plaintiff executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Mortgage Research Center, LLC, securing the Note with the real property (the "Mortgage").

On May 28, 2021, Plaintiff executed a Loan Modification Agreement, which lowered the interest rate and postponed the maturity date. Plaintiff defaulted on the Note on August 1, 2021. Plaintiff also defaulted on her homeowners' association obligations owed to River Crest Home Owners Association, Inc. ("River Crest"). As a result, River Crest filed a civil action against Plaintiff in the Commonwealth of Kentucky, Bullitt Circuit Court.[2]

[2] River Crest is not a party to this adversary proceeding. It filed a proof of claim in the Main Case, to which the Plaintiff objected. The Court subsequently entered an order allowing River Crest's claim in a reduced amount. (Order, Main Case Dkt. No. 122.)

Thereafter, the Bank joined River Crest's state court proceeding as a cross-claimant seeking to foreclose the Note and Mortgage. The matter proceeded in Bullitt Circuit Court, culminating in a March 22, 2024 judgment granting the Bank's motion for summary judgment and order of sale. (J. and Order of Sale, Filed as Ex. A to the Mot. to Dismiss at Dkt. No. 10-2.) The state court found that Plaintiff defaulted on the Note and directed the Bullitt County master commissioner to sell the property and distribute the proceeds.

Thereafter, a foreclosure sale was scheduled. Prior to that sale being conducted, the Plaintiff filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Western District of Kentucky on April 11, 2024, Case No. 24-30967. The 2024 Chapter 7 bankruptcy was dismissed on April 26, 2024 for failure to complete filing requirements. (Not. of Dismissal, *In re: Valencia Cox*, No. 24-30967 (Bankr. W.D. Ky. Apr. 26, 2024), Dkt. No. 14.)

Meanwhile, the Plaintiff appealed the Bullitt Circuit Court judgment to the Kentucky Court of Appeals. In the appeal, Plaintiff argued that the Bullitt Circuit Court erred in its entry of summary judgment in favor of the Bank and of the order of sale. She disputed the validity of the foreclosure action on multiple grounds. Plaintiff argued that the Bank "lacked standing to foreclose the note and mortgage; that she was improperly denied the right to examine the original note; and, that [the Bank] engaged in fraud." *Cox v. Bank of New York Mellon Tr. Co.*, No. 2024-CA-0689-MR, 2025 WL 1141847, at *1 (Ky. Ct. App. Apr. 18, 2025). Plaintiff also asserted that the Bank "failed to produce the original promissory note, which is a necessary prerequisite to a foreclosure proceeding per the Uniform Commercial Code." *Id*. at *2.

On April 18, 2025, the Kentucky Court of Appeals affirmed the judgment entered by the Bullitt Circuit Court. With respect to Plaintiff's arguments, the Court of Appeals found no manifest injustice warranting reversal of the judgment on appeal. *Id*. Specifically:

> Appellant's claim that Appellee cannot lawfully proceed with the foreclosure without establishing a valid agency relationship with its attorney is specious and not supported by the law. We are also not persuaded by Appellant's contention that Appellee has no standing in this matter because it was not an original party to the note and mortgage agreements. This argument is refuted by the record, as the note is endorsed by Mortgage Research Center, LLC and Appellee is the holder of the note. See KRS 355.3-301.
>
> Further, we find nothing in the record to support Appellant's claim that Appellee acted fraudulently, nor that the proceeding below deprived Appellant of her due process rights or statutory rights under the Fair Debt Collection Practices Act. Appellant has simply made a litany of unpreserved claims without citation to the record, and unsupported by adequate reference to the case law or statutory law.

*Id*. at *3. Accordingly, "[t]he record and the law support the entry of summary judgment in favor of [the Bank]." *Id*. at *4.

The Plaintiff then requested discretionary review of the Kentucky Court of Appeals' decision by the Kentucky Supreme Court. On August 22, 2025, the Kentucky Supreme Court declined to exercise discretionary review of the matter, thereby making the judgment from the Bullitt Circuit Court final.

A new foreclosure sale was scheduled for November 25, 2025. Again, prior to that foreclosure sale being conducted, Plaintiff filed the current bankruptcy case, Case No. 25-32857, on November 21, 2025.

In the current bankruptcy case, NewRez filed an untimely proof of claim (Claim No. 7) based on the amounts due under the Loan and Mortgage. While untimely, the proof of claim was signed under penalty of perjury and attached a series of documents including the original Note and Mortgage along with a series of assignments of the Mortgage. The documents included a recorded assignment of the Mortgage to the Bank dated June 29, 2022 and a subsequent assignment from the Bank to NewRez dated May 9, 2025 (after the entry of the Bullitt Circuit Court judgment and Opinion Affirming from the Kentucky Court of Appeals).

Due to the untimeliness of NewRez's proof of claim, the Debtor objected to the claim (Main Case Dkt. No. 35). In response to the Debtor's objection, NewRez filed a Motion to Allow Late Filed Proof of Claim (Main Case Dkt. No. 91). Because NewRez failed to meet the requirements of Federal Rule of Bankruptcy Procedure 3002(c)(7), the Court denied NewRez's motion. (Order, Main Case Dkt. No. 132.) Without a timely-filed proof of claim, the Court sustained the Debtor's objection and disallowed NewRez's claim. (Order, Main Case Dkt. No. 134.) Neither the order denying the Motion to Allow Late Filed Proof of Claim nor the order sustaining the Debtor's objection to claim avoided or otherwise extinguished NewRez's lien upon the Property.

On April 13, 2026, NewRez filed a Motion for Relief from Stay (Main Case Dkt. No. 72) ("Stay Motion") seeking authority to continue with its foreclosure action in state court. The Plaintiff opposed the Stay Motion (Main Case Dkt. No. 77).

**B. This Adversary Proceeding**

While the Stay Motion was pending, on May 1, 2026, Plaintiff filed the above-styled adversary proceeding. In her Complaint, Plaintiff alleges seven separate counts. Count I sought declaratory relief regarding the Defendants' status to enforce the Note. Count II sought a declaration as to the validity of the Defendants' lien because the record allegedly did not establish either Defendant could enforce the lien. Count III requested a declaration regarding NewRez's authority as servicer of the Loan. Count IV sought an accounting and declaratory relief as to the amount of the debt. Count V challenged the postpetition fees and expenses. Count VI alleged violations of the Real Estate Settlement Procedures Act ("RESPA"). Finally, Count VII sought injunctive relief against the Defendants to prohibit them from going forward with the foreclosure action.

On June 1, 2026, the Defendants filed the Motion currently before the Court. As stated above, Defendants seek dismissal of this adversary proceeding on the basis that the claims raised

are arguments that were previously raised and rejected in a state court foreclosure action and subsequent appeals. The Defendants assert that this Court lacks subject matter jurisdiction because of the *Rooker-Feldman* doctrine, and that the Complaint fails to state a cause of action because it is either barred by res judicata/collateral estoppel or the plaintiff is unable to state a claim. With respect to the RESPA claim, the Defendants assert that they sufficiently met the requirements of RESPA, attaching correspondence that they claim satisfied RESPA's requirements.

In her Response to the Motion (Dkt. No. 17), Plaintiff stated that she was not asking this Court to sit as an appellate court over the Bullitt Circuit Court. Nor was she asking this Court to vacate the Bullitt Circuit Court foreclosure judgment, or to redetermine matters that were actually and finally decided. To the extent her Complaint requested this relief, she requested leave to amend to "narrow that wording."

Subsequently, Defendants filed a Reply (Dkt. No. 18) wherein they argue that amending the Complaint would not address or cure the points raised in their Motion. Moreover, they contend that if the Court determines that any claim survives or that amendment is appropriate as to a particular claim, that any such amendment be limited to claims that do not seek to invalidate, modify, or otherwise relitigate the Bullitt Circuit Court foreclosure judgment.

The Court held a hearing on the Motion on August 18, 2026. At that hearing, the Plaintiff appeared, pro se, and counsel for Defendants appeared.

On August 20, 2026, the Court entered an Order granting NewRez's Stay Motion in the Main Case. (Order Terminating Stay, Main Case Dkt. No. 166.) The Court found that cause existed under § 362(d) to terminate the stay. This cause included the fact that the state court litigation was final, that Plaintiff did not provide for any payment to NewRez in her proposed plan of reorganization, and most importantly, that Plaintiff had a significant prepetition and postpetition

arrearage and had failed to make a single postpetition mortgage payment, resulting in a lack of adequate protection.[3]

## Legal Standard and Analysis

### I. Jurisdiction

The Court has jurisdiction in this matter by virtue of Section 1334(b) of Title 28 of the United States Code and the referral to this Court pursuant to Joint Local Rule of Civil Practice for the United States District Court for the Eastern and Western Districts of Kentucky 83.12(a). This is a core proceeding under Section 157(b)(2)(C), (K) and (O) of Title 28 of the United States Code.

### II. Rule 12(b)(6) Dismissal Standards

The Defendants seek dismissal of this action for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012(b). To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Although a complaint that is challenged by a Rule 12(b)(6) motion to dismiss does not need detailed facts, a plaintiff is obligated to provide sufficient grounds for his entitlement to relief. *Twombly*, 550 U.S. at 555. Recitation of the elements of a cause of action by making conclusory statements is not sufficient. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Rather, the issue is whether the claims are supported by sufficient factual matter to make them plausible. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–56.

---

[3] On September 2, 2026, Plaintiff filed a Notice of Appeal of the order terminating the stay with respect to NewRez. (Not. of Appeal to B.AP., Main Case Dkt. No. 176.)

Thus, if the factual allegations are "well-pleaded" in the complaint, a court can assume their veracity and then decide whether the facts could support the requested relief. *Iqbal*, 556 U.S. at 664. This analysis is "context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64. The court's task, however, is not to determine if a plaintiff will prevail on the merits, but rather whether a plaintiff is entitled to provide evidence in support of her claim. *Hamerly v. Fifth Third Mortg. Co.* (*In re J & M Salupo Dev. Co.*), 388 B.R. 795, 802 (B.A.P. 6th Cir. 2008); *see also In re Bailey*, 2024 WL 1511984, at *6 (B.A.P. 6th Cir. Apr. 8, 2024) (quoting *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022)); *Think3 Litig. Tr. v. Zuccarello (In re Think3, Inc.*), 529 B.R. 147, 169 (Bankr. W.D. Tex. 2015). In other words, the court is to assess the legal feasibility of the complaint, not to weigh the evidence. The court can review and consider the complaint in its entirety, including any documents attached to the complaint, or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Think3 Litig. Tr.*, 529 B.R. at 169–70.

## III. Analysis

Based on the allegations in the Complaint, taken as true, considered alongside the state court proceedings, Defendants' Motion should be granted in part and denied in part. Counts I, II, and IV of Plaintiff's Complaint should be dismissed based on issue preclusion.[4] Counts III, V, and VII should be dismissed on other grounds, as discussed below. Finally, as also discussed below, Count VI, the RESPA Count, requires further attention.

---

[4] The Sixth Circuit noted in *In re Fordu* that the United States Supreme Court has expressed a preference for use of the terms "issue preclusion" and "claim preclusion" rather than the traditional phrases "res judicata" and "collateral estoppel." 201 F.3d 693, 702–03 (6th Cir. 1999) (*citing Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). This Court will use the term "issue preclusion."

**A. Counts I, II, and IV**

First, with respect to Counts I, II, and IV, these allegations were raised, addressed, and finally determined in the state court litigation. Thus, they are barred by the doctrine of issue preclusion.

"Collateral estoppel [issue preclusion] prevents the relitigation of an ultimate fact that was determined by a valid and final judgment in a prior action." *In re Hill*, 957 F.3d 704, 710 (6th Cir. 2020). Specifically, issue preclusion "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Heike v. C. Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 480 (6th Cir. 2014) (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992) (brackets and internal quotation marks omitted)).

"[F]ederal court[s] must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

Thus, this Court must look to Kentucky law to determine what preclusive effect Kentucky courts would give to the Bullitt Circuit Court foreclosure judgment. *Id*. Under Kentucky law, issue preclusion, requires four elements: "(1) the issue in the second case must be the same as the issue in the first case. In addition, the issue must have been (2) actually litigated, (3) actually decided, and (4) necessary to the court's judgment." *See Hill*, 957 F.3d at 711 (quoting *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 374 (Ky. 2010) (internal quotations omitted)).

Plaintiff's Count I requests a declaratory judgment as to "person entitled to enforce note." Count II asserts the validity of the lien cannot be determined without a "chain of transfers" established by evidence that "either Defendant is the proper party entitled to enforce the note and

mortgage." Count IV alleges that the Proof of Claim does not contain sufficient information to set forth the claimed arrearage and balance.

In reviewing the Plaintiff's factual allegations for purposes of Rule 12(b)(6), the Court notes that most of the allegations in the Complaint are legal arguments or conclusory legal statements. (*See, e.g.*, Complaint ¶¶ 28–40, Dkt. No. 1.) With respect to any pertinent actual factual allegations, the Plaintiff alleges:

(i) The Proof of Claim identifies NewRez as the creditor. (Compl. ¶¶ 15, 43.)

(ii) The Bullitt Circuit Court judgment identifies the Bank as the creditor. (Compl. ¶ 15.)

(iii) The allonge "appears facially incomplete." (Compl. ¶¶ 17, 44.)

(iv) The current record does not contain evidence establishing a chain of enforcement rights for the Note. (Compl. ¶¶ 18, 45.)

(v) There is no sworn evidence of possession of the note. (Compl. ¶ 46.)

(vi) The Proof of Claim does not include sworn custodian statements, underlying invoices, or information to validate the balance owed. (Compl. ¶ 20.)

All of Plaintiff's claims in Counts I, II, and IV, however, have been adjudged by the Kentucky courts and the above allegations, even if true, do not change that result. At the hearing, Plaintiff effectively conceded that the Bank had a valid judgment by agreeing this Court could not act as a forum for further appeal of the state court proceedings. Plaintiff's response to the Motion consistently also admits as much in that Plaintiff states she is not asking for review of the state court proceedings: "Plaintiff recognizes an important limit. She is not asking this Court to sit as an appellate court over the Bullitt Circuit Court, to vacate the foreclosure judgment, or to redetermine matters that the state court actually and finally decided." (Pl.'s Resp. in Opp'n, p. 1, Dkt. No. 17.) The Court takes this admission into consideration in considering Counts I, II, and IV under the four elements required for issue preclusion under Kentucky law:

**Count I – Declaration as to who is entitled to enforce the Note**

**Count II – The lien is invalid because no evidence establishes the proper party entitled to enforce the Note and Mortgage**

(i) Counts I and II effectively make the same claim—who is entitled to enforce the Note and Mortgage. The Kentucky courts determined the Bank (one of the two named Defendants) was entitled to enforce the Note. That is, the enforceability of the Note and the Bank's standing was a determination that was necessary for the Bullitt Circuit Court foreclosure judgment. The Kentucky Court of Appeals then expressly recognized that the Bank established a prima facia case for foreclosure under applicable Kentucky law, including the existence of a note and mortgage. *Cox*, 2025 WL 1141847 at *2 (citing *Louthan v. Dollar Bank, FSB*, No. 2018-CA-000820-MR, 2020 WL 2298431, at *5 (Ky. App. May 8, 2020)). Then, the Kentucky Court of Appeals expressly and directly dealt with the Plaintiff's allegations regarding the Bank's standing and ability to collect against the Note in the foreclosure action, affirming the Bullitt Circuit Court. Thus, the issues were raised and litigated in the prior proceeding, as subsequently affirmed on appeal.[5]

(ii) The Plaintiff had a full and fair opportunity to litigate these issues in the prior proceeding—including appealing to the Kentucky Supreme Court.

(iii) The Bullitt Circuit Court judgment as affirmed by the Kentucky Court of Appeals established the issues were decided.

---

[5] At the hearing before this Court, the Plaintiff stated that she had not been provided sufficient opportunity to litigate all her claims regarding the bases for foreclosure in the state courts. The Kentucky Court of Appeals briefly addressed this issue and declined to recreate Plaintiff's record. *Cox*, 2025 WL 1141847 at *2. Moreover, Plaintiff has not provided this Court with any legal arguments or documents of record in the state court proceedings providing that she did not have a fulsome opportunity to raise all issues before the Bullitt Circuit Court, that the appeal is anything other than final, or that any other appeals are pending or even available.

(iv) Finally, all these determinations are necessary prerequisites for a foreclosure judgment.

**Count IV – NewRez's Proof of Claim does not have sufficient information regarding the amount owed**

(i) Preliminarily, the Plaintiff's in this Count is misplaced and moot because it is effectively an objection to NewRez's Proof of Claim. This Court disallowed NewRez's Proof of Claim based on Plaintiff's objection to that claim. To the extent this Count can be construed as challenging the state court judgment amount, the Bullitt Circuit Court entered a final judgment for a specific amount plus interest. The Proof of Claim NewRez filed for purposes of the Plaintiff's bankruptcy proceedings does not change the final judgment. Thus, for purpose of issue preclusion, the Kentucky state courts have issued a final judgment amount.

(ii) The Plaintiff had the same opportunity to litigate the judgment amount, including via appeal, just like Counts I and II.

(iii) The Bullitt Circuit Court actually decided the judgment amount and interest rate.

(iv) This finding was also necessary prior to a foreclosure.

Plaintiff's Response to the Motion requested an opportunity to amend the Complaint to reform the allegations into something other than a collateral attack upon the state court rulings. These Counts I, II, and IV, however, cannot be reformed. As the Defendants accurately point out, Counts I, II, and IV raise arguments that were either considered and rejected by the Bullitt Circuit Court in the foreclosure matter, or considered and rejected by the Kentucky Court of Appeals. In addition, Count IV was mooted by this Court's disallowance of NewRez's Proof of Claim.

In sum, for purposes of issue preclusion, the result of the state court proceedings is a final decision that a valid note and mortgage encumber the Plaintiff's property, that Plaintiff defaulted, and the amount of the default.

**B. Count III**

Count III alleges that NewRez has not provided evidence that it is the servicer of the Loan and has the authority to enforce or obtain other relief related to the Loan and Mortgage. As noted above, Plaintiff's statements at the hearing and in her response to the Motion assert that she is not attempting to circumvent the final state court proceedings. (Pl.'s Resp. in Opp'n, p. 1, Dkt. No. 17.) Thus, Plaintiff, as she must, concedes there is a valid lien on her property that is the subject of a foreclosure judgment. It appears that Plaintiff is now contending that while *the Bank* could foreclose on the valid lien under the state court judgment, that *NewRez* cannot. That is, the Bank is the party to the judgment, but NewRez is not. So, while the lien is valid as to the Bank, Plaintiff is not subject to enforcement by NewRez. This is effectively the same claim Plaintiff raises in Count III in which Plaintiff challenges NewRez's ability to pursue the judgment stating: "A servicer does not obtain enforcement rights by merely stating that it is a servicer. A servicer must prove the identity of the actual note holder and its own authority to act for that holder."

First, as held above, the issue of proof of the identity of the holder of the Note was determined in the state court proceedings and is subject to issue preclusion. *Cox*, 2025 WL 1141847 at *3 ("This argument is refuted by the record, as the note is endorsed by Mortgage Research Center, LLC and Appellee is the holder of the note. *See* KRS 355.3-301.").

Second, reading the allegation in the light most favorable to the Plaintiff, it appears she is alleging that NewRez has not shown how it has the right to pursue the Bullitt Circuit Court foreclosure judgment. The Plaintiff's allegation, however, is conclusory. Plaintiff does not point to

any evidence or allege any fact that demonstrates NewRez is not either (i) the servicer or (ii) the assignee of the Mortgage. In fact, in documentation of record with the Proof of Claim filed before this adversary proceeding, NewRez provided an Assignment of Mortgage from the Bank to NewRez dated May 9, 2025, notarized that same date, and recorded with the Bullitt County Clerk's Office in Deed Book 1137, Page 662. (NewRez Proof of Claim, ECF p. 55, Main Case Claims Register, Claim 7-1.) As stated on its signature page, the Proof of Claim was signed and submitted by NewRez under penalty of perjury. Thus, contrary to the allegations of the Complaint, the record contains sworn evidence that NewRez is the assignee of the Mortgage from the Bank.

The Plaintiff alleges no facts in the Complaint addressing the Assignment of Mortgage, much less facts to support a finding that the Assignment of Mortgage is invalid or even that NewRez is only a "servicer" (to the extent that even is a cause of action). After multiple opportunities on the record at the hearing to provide any basis to challenge the validity of the Assignment of Mortgage, Plaintiff was unable to do so. Thus, Count III does not contain allegations of sufficient plausibility challenging NewRez's standing or regarding the facial invalidity of the Assignment of Mortgage to NewRez under *Iqbal* and *Twombly.* Simply stating a conclusion that a document does not exist, with no supporting facts, is not sufficient to allege a claim under Rule 12(b)(6).

**C. Count V**

Count V is a different matter. In Count V, the Plaintiff challenged any postpetition fees and expenses charged by the Defendants. While this issue is not subject to issue preclusion because the Main Case was not filed at the time of the state court proceedings, Count V must also be dismissed for several reasons. First, as noted above, Plaintiff's debt owed to the Defendants is limited to the

amount decided by the state court judgment, plus interest.[6] Second, and as also noted above, to the extent that NewRez's Proof of Claim sought to add postpetition amounts, its claim has already been disallowed by a previous ruling from this Court. Finally, at the hearing, counsel for the Defendants stated that the Defendants were not seeking any additional sums beyond the amount awarded by the state court. Thus, Count V fails to state a claim regarding collection of any postpetition amounts, because none are in issue. The issue is moot following the disallowance of NewRez's proof of claim.[7]

**D. Count VI**

Count VI is the RESPA count. This allegation was not addressed in the state court litigation. There is no final adjudication on this issue. Thus, issue preclusion does not apply with respect to this Count. In its Reply to the Plaintiff's Response to the Motion, the Defendants contend that the Complaint must identify an actionable violation and allege facts sufficient to support the relief requested. To this point the Defendants are correct. Plaintiff must plead with more specificity exactly what the Defendants allegedly did or did not do, and how those actions or inactions violate the provisions of RESPA.

As such, the Court will allow the Plaintiff to amend her Complaint with respect to Count VI to flesh out the allegations regarding an alleged violation of RESPA. This direction should not be read as permission to re-raise all the issues in the Complaint, but instead an opportunity to address *only* the allegation with respect to any alleged particular RESPA violations.

---

6 The Bullitt Circuit Court granted a judgment in favor of the Defendants in the principal sum of $437,314.83, plus interest at the rate of 2.75% per annum from July 1, 2021 until paid.

7 In addition and as stated above, issue preclusion applies with respect to the decision by the Bullitt Circuit Court, as affirmed by the Kentucky Court of Appeals, as to the foreclosure amount. This amount is the same as in issue in the state court proceedings. The issue was litigated, decided, and a necessary requirement for a foreclosure proceeding. *Cox*, 2025 WL 1141847 at *2 ("Appellee made a prima facie case for the foreclosure.").

**E. Count VII**

Finally, Count VII sought injunctive relief to prevent the Defendants from proceeding with the state court foreclosure action. This Count must also be dismissed because, in the Main Case, the Court has already determined that the automatic stay should be terminated to allow NewRez to proceed with the foreclosure action. In other words, the issue of allowing the Defendants to go forward was considered and addressed in an earlier ruling. As such, the request set forth in this Count must be dismissed as moot.

**Conclusion**

The Court finds that, taking everything stated in the Complaint as true, portions of the Complaint should be dismissed. Dismissal is required for the claims alleged in Counts I, II, and IV because they were raised, litigated and adjudicated in state court. Due to the facially valid Mortgage Assignment, dismissal is also appropriate regarding the Count III claim challenging NewRez's standing to enforce the judgment, Note, and Mortgage. Dismissal is also appropriate for Count V addressing postpetition fees and expenses that have not been claimed. Finally, dismissal is appropriate for Count VII requesting injunctive relief on a matter that was addressed in the main case, namely the issue of whether the Defendants should be allowed to continue their foreclosure in state court. Count VI, however, does not fit into those categories. The allegations in that Count, vague as they are, were not addressed in the state court litigation or in the Main Case. Because the Count VI allegations lack specificity, the Court will allow the Plaintiff time to amend the Complaint to provide more factual support solely with respect to any alleged particular RESPA violations. A separate Order consistent with this Memorandum Opinion will be entered this same date.

Mary E. Naumann
United States Bankruptcy Judge
Dated: September 17, 2026

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| VALENCIA COX, | ) | CASE NO. 25-32857 |
| | ) | CHAPTER 13 |
| Debtor. | ) | |
| VALENCIA COX, | ) | |
| Plaintiff, | ) | |
| vs. | ) | AP NO. 26-3035 |
| NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING and | ) | |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., | ) | |
| Defendants. | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that:

1. The Defendants' Motion to Dismiss is granted with respect to Counts I-V and Count VII of the Plaintiff's Complaint.

2. Defendants' Motion to Dismiss is denied with respect to Count VI, the RESPA Count.

3. Plaintiff is directed to amend the Complaint with respect to Count VI, providing more specificity solely as to the allegations raised regarding a RESPA violation, within 14 days.

4. By separate order, the Court will set a new pre-trial conference to determine the next steps in this adversary proceeding.

Mary E. Naumann
United States Bankruptcy Judge
Dated: September 17, 2026